UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JOHN COULIER,

        Petitioner,                  Civil No. 04-CV-10345
                                                  Honorable David M. Lawson

v.

TOM BELL,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Robert John Coulier, presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of second-degree murder following a bench trial in Kalamazoo County, Michigan circuit court in 2001. He was sentenced to twenty to forty years imprisonment. The petitioner alleges that his incarceration is unlawful because he was legally insane at the time of the murder and the trial court based its guilty verdict on clearly erroneous findings of fact and conclusions of law. The respondent filed a response to the petition on June 14, 2004 asserting that the claims lack merit. The Court finds that the petitioner's claims are not cognizable on habeas review. The Court, therefore, will deny the petition.

I.

The petitioner was charged with first-degree murder for the stabbing death of his estranged wife, Marjorie Coulier. The prosecution argued that the murder was deliberate and premeditated. The defense argued that the petitioner was unable to conform his actions to the requirements of the law at the time of the stabbing because he was legally insane.

At trial, police officers Michael Brinkman and Steven Ouding testified about the events that

occurred on June 24, 1999. Officer Brinkman testified that he was dispatched to pick up the petitioner pursuant to a committal order and take him to a psychiatric facility. Officer Brinkman located the petitioner in a parking lot near his home. The petitioner had several stab wounds and his clothes were covered with blood. The petitioner told Officer Brinkman, "my wife invited me over. She stabbed me, and I stabbed her back." Tr., Vol. I, p. 196. Officer Ouding testified that he went to the psychiatric hospital to get blood and hair samples from the petitioner. The petitioner told him that he stabbed his wife in self-defense because she had stabbed him. A forensic pathologist, Waldemar Palutke, testified that Ms. Coulier died of stab wounds to the neck and chest. In addition, Craig Lane testified that he shared a jail cell with the petitioner and that the petitioner told Lane that he had stabbed himself eight times to make it appear that he had stabbed his wife in self-defense.

The petitioner's mother, Wilda Stranger, testified that the petitioner suffered from mental illness most of his life. He had been suicidal on occasion and hospitalized twelve to fifteen times since childhood. She testified that he had been diagnosed as paranoid schizophrenic and bipolar-schizoaffective. Ms. Stranger noticed a significant degradation in the petitioner's condition when he did not take his medication.

The petitioner presented two expert witnesses. Julie Stover, an emergency services clinician, testified that she evaluated the petitioner on June 28, 1999, and diagnosed him as suffering from schizoaffective disorder. Dr. Steven Harris, a clinical psychologist, testified that he evaluated the petitioner on June 22, 2001. He diagnosed the petitioner as suffering from bipolar disorder.

In rebuttal, the prosecution presented two expert witnesses. The first, Dr. Lois Wightman, testified that the petitioner was coherent and did not seem to be suffering from any mental impairments during the interview, but she concluded that he was mentally ill at the time of the

offense. She rendered no opinion as to whether the petitioner was insane at the time of the stabbing. Dr. Joseph Galdi, a forensic examiner for the Center for Forensic Psychology-Psychiatry in Ann Arbor, Michigan, testified that he interviewed the petitioner and reviewed his psychiatric history. Dr. Galdi concluded that the petitioner was experiencing a mild manic episode at the time of the stabbing, but that the mild manic episode would not have prevented the petitioner from conforming his actions to the law.

The trial court judge found the petitioner guilty of second-degree murder. He found that the petitioner stabbed his wife approximately ten times, during which time he was not acting in self-defense. Although the court found the petitioner to be mentally ill, it held that the petitioner failed to prove that he was insane at the time of the stabbing. After the judgment and sentence were rendered, the petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I. Must defendant's conviction be reversed where he demonstrated by a preponderance of the evidence that he was legally insane at the time of the stabbing?
>
> II. Must the circuit court's verdict of guilty but mentally ill be reversed because the circuit court's findings of fact and conclusions of law were clearly erroneous?

The Michigan Court of Appeals affirmed the petitioner's conviction. *People v. Coulier*, No. 236555 (Mich. Ct. App. May 27, 2003). The petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims he raised before the Michigan Court of Appeals. The court denied leave to appeal. *People v. Coulier*, No. 124259 (Mich. Dec. 30, 2003).

The petitioner then filed his petition for a writ of habeas corpus, presenting the same claims presented to the Michigan appellate courts. The respondent has filed an answer in opposition

arguing that the petitioner's claims are not cognizable on habeas review and that the Michigan Court of Appeals' decision denying him relief was not contrary to or an unreasonable application of Supreme Court precedent or an unreasonable determination of the facts in light of the evidence.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

> As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (internal quotes omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)

("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) ("All factual findings by the state court are accepted by this Court unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. at 409, 410-11. *See also King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

A.

The petitioner's first claim for habeas corpus relief argues that he proved by a preponderance of the evidence that he was legally insane at the time of the shooting. A defendant's right to due process is satisfied only if the prosecution proves each element of a charged offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970). "[I]f an ingredient of a crime is not an element of the offense and does not negate an element, . . . a state law can properly shift the burden of proving that factor onto the defendant." *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2001), *overruled on other grounds by Bowling v. Parker*, 344 F.3d 487, 501 n.3 (6th Cir. 2003). The due process guarantee of sufficiency of the evidence extends only to facts needed to establish the elements of the crime and not to the state's burden to prove the absence of an affirmative defense. *Allen v. Redman*, 858 F.2d 1194, 1197 (6th Cir. 1988).

Under Michigan law, sanity is not an element of second-degree murder, and insanity does not negate an element of murder. *See People v. Goecke*, 457 Mich. 442, 463-64, 579 N.W.2d 868, 878 (1998). Michigan law places the burden of proving legal insanity on the defendant. *People v. Mette*, 243 Mich. App. 318, 330, 621 N.W. 2d 713, 719 (2000) (*citing* Mich. Comp. Laws §768.21a(3)). The Sixth Circuit Court of Appeals has held that where sanity is not an element of a crime, a habeas petitioner's claim that there was insufficient proof of sanity does not raise a federal constitutional issue. *Gall*, 231 F.3d at 307 (*citing Duffy v. Foltz*, 804 F.2d 50, 54 (6th Cir. 1986)). Applying Sixth Circuit precedent, the Court therefore concludes that the petitioner's claim that he

demonstrated that he was legally insane at the time of the murder is not cognizable on habeas corpus review. *Id.* at 306 (stating that when the petitioner "argues that his due process rights were violated because the evidence clearly shows that he was insane . . . [the petitioner] cannot bring this argument on habeas review" and the Court will "not reach its merits"); *see also Duffy*, 804 F.2d at 54 (holding that because sanity was not an element of the relevant crimes under Michigan law, the petitioner's claim that there was insufficient evidence of his sanity did not raise a federal constitutional issue).

B.

The petitioner's second claim for habeas corpus relief challenges the trial court's findings of fact. The petitioner argues that the trial court's findings of fact were clearly erroneous in that the trial court rejected his insanity defense. Michigan law requires a trial court conducting a bench trial to make specific findings of fact and conclusions of law. *See* Mich. Ct. R. 2.517(A)(1). However, the petitioner does not challenge as insufficient the level of detail employed by the state trial judge. Moreover, a federal court may grant an application for writ of habeas corpus only on the ground that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

The petitioner has failed to show that the factual findings were so clearly erroneous that they must be rejected by a federal court on habeas review. A state court's findings of fact are entitled to complete deference unless it is determined by clear and convincing evidence that they are erroneous. 28 U.S.C. 2254(e)(1); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). A trial court's assessment of credibility is generally beyond the scope of habeas review. *Gall*, 231 F.3d at 286. Although prosecution and defense expert witnesses offered competing views of the petitioner's sanity, the trial court had discretion to find that one set of experts offered a better-reasoned explanation for the

petitioner's behavior. There is sufficient evidence in the record to support that view. Similarly, the trial court was free to conclude that the petitioner's explanation shortly following the murder that the victim attacked him first was a calculated attempt to exonerate himself, showing an understanding of right and wrong and an ability to develop and execute a plan, which would counsel against a finding of insanity. The record evidence supports that conclusion as well.

### III.

The petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: October 3, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 3, 2006.

s/Felicia M. Moses  
FELICIA M. MOSES